COTTONE, J.,
Presently before us is a discovery issue; namely, a motion to compel answers to interrogatories submitted by plaintiffs, Barbara J. and Elvin Schwab.
Plaintiffs instituted this wrongful death action against defendants as a result of the death of their infant son, Steven Charles Schwab. Plaintiffs contend that defendants were negligent in failing to diagnose timely and treat properly the infant’s bron-chopneumonia which ultimately led to his death at age four months.
For purposes of this litigation, defendants have retained the services of two physicians, John Rogers, M.D. and John Shane, M.D., to testify as expert witnesses on their behalf. The interrogatories now in dispute involve matters regarding these medical experts.
In an attempt to determine the existence of possible bias or interest on the part of these defense *558 witnesses, plaintiffs served supplemental expert witness interrogatories inquiring, inter alia, whether these medical experts had, on any prior occasions, enlisted the legal services of the law firm of Houri-gan, Kluger, Spohrer & Quinn, P.C., the firm currently representing defendants. Plaintiffs maintain that they are entitled to the information sought in these interrogatories in order to pursue the presence of a prior relationship or friendship between the experts and defense counsel. Defendants, meanwhile, contend that the requested information raises purely collateral matters, not relevant to the subject matter involved at present.
The scope of discovery is governed by Pa.R.C.P. 4003.1, which provides, in pertinent part:
“(a) [A] party may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action. . .
“(b) It is not ground for objection that the information sought will be inadmissible at the trial of [sic] the information sought appears reasonably calculated to lead to the discovery of admissible evidence.”
Thus, we must determine whether plaintiffs’ inquiry into defense counsel’s possible prior representation of defendants’ expert witnesses is relevant and reasonably calculated to lead to the discovery of admissible evidence. We believe it is.
The party objecting to an interrogatory has the burden of establishing why the information is non-discoverable and should be refused. Foltz v. Kauper, 35 Somerset Leg. J. 161 (1978). Furthermore, our courts have followed the policy that discovery should be liberally allowed and that any such limitations should be construed narrowly. Goodrich-Amram 2d §4001:3. Cognizant also that *559 the term “relevant” under Pa.R.C.P. 4003.1 “for purposes of discovery has a greater breadth and scope and carries a more flexible standard than ‘relevant’ for purposes of admissibility of evidence at trial,” Beck v. Mann, 40 Lehigh L.J. 479 (1984), we find the instant interrogatories proper.
As a matter of successfully meeting their burden, defendants argue that the requested information is irrelevant and that such discovery would cause “unreasonable annoyance” and “embarrassment” to these witnesses. See Pa.R.C.P. 4011(b). For authoritative support, defendants rest on McNear v. New York, Chicago and St. Louis Railroad Company, 20 F.R.D. 598 (1957), where the court therein deemed improper an inquiry of a medical expert which would direct this witness to state the number of litigants examined or treated by him for an attorney or a law firm within a specified period of years. We are better persuaded, however, that the cases cited by plaintiffs are more analogous at present.
We first look to Smith v. Celotex Corporation, 387 Pa. Super. 340, 564 A.2d 209 (1989). In Smith the Superior Court decided that the cross-examination at trial of an expert witness of the defendant therein, regarding his prior testimony and fees received in different litigation, was proper to demonstrate potential bias and partiality. Though not squarely on point, the circumstances surrounding the instant case are sufficiently similar to Smith that we adopt its holding. We do so mindful of the fact that discovery is not limited to matters of admissible evidence, thereby easing the restrictions on what matters are discoverable. Pa.R.C.P. 4003.1(b).
Next, we examine a case of local significance, Best v. Marmo, 89 Lacka. Jur. 30 (1988). In a *560 decision handed down by Judge Chester T. Harhut, this court held that inquiry into the physician’s/expert witness’ personal friendship with a party’s attorney so as to expose a bias towards either side of the lawsuit was permissible. Id. Again, while the matter today before us does not involve a question of friendship between the medical experts and counsel, it does deal with an issue of witness credibility, an area into which a party is always entitled to explore. See Downey v. Weston, 451 Pa. 259, 301 A.2d 635 (1973); Pittsburgh National Bank v. Mutual Life Insurance Co. of N.Y., 273 Pa. Super. 592, 417 A.2d 1206 (1980), aff’d. 493 Pa. 96, 425 A.2d 383 (1981).
Therefore, since the interrogatories at issue request information which is discoverable according to the provisions of Pa.R.C.P. 4003.1, we shall now grant plaintiffs’ motion. However, in order to make these requests more reasonable, defendants are required only to produce such information dating back to the last five years. Such discovery is basic to good judicial administration, clearly not amounting to a “fishing expedition.” See Estate of Townshend, 430 Pa. 318, 241 A.2d 534 (1968), cert. denied, 393 U.S. 934, 89 S.Ct. 293, 21 L.Ed. 2d 270.
ORDER
Now, November 7, 1990, defendants are hereby ordered to serve full and complete answers to plaintiffs’ supplemental expert witness interrogatories in dispute. It is further ordered that such answers shall be limited in accordance with the foregoing opinion. Defendants are granted 45 days in which to answer the interrogatories.